UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **MARKQUES BURTON** | **CASE NO. 2:21-CV-02116** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **USA ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is a "Motion to Dismiss" (Doc. 9) and a "Motion to Stay" (Doc. 12). In the Motion to Dismiss, Defendant United States of America moves to dismiss the instant lawsuit for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) because Plaintiff, Markques Burton, failed to exhaust his administrative remedies prior to filing suit as required by the Federal Tort Claims Act ("FTCA"). In response, Plaintiff filed the Motion to Stay the instant lawsuit and/or Defendant, United States of America's Motion to Dismiss.

## BACKGROUND

The instant lawsuit involved a motor vehicle collision that occurred on July 23, 2019. Plaintiff filed the instant lawsuit on July 21, 2021; Plaintiff submitted a Standard Form 95 for file his administrative claim on or about July 12, 2021, nine days prior to filing the instant lawsuit.

## RULE 12(b)(1) STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a

> party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction. . .

A court may base its disposition of a motion to dismiss under Rule 12(b)(1) on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Robinson v. TCI/US West Communications, Inc.,* 117 F.3d 900 (5th Cir. 1997), citing *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir.) *cert. denied,* 454 U./ 897, 102 S.Ct. 396, (1981).

Courts may consider affidavits and exhibits submitted in connection with a Rule 12(b)(1) motion to dismiss. *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994). Once challenged with competent proof, the plaintiff must prove by a preponderance of the evidence that the court has subject matter jurisdiction. *Middle South Energy, Inc. v. City of New Orleans,* 800 F.2d 488, 490 (5th Cir. 1986). A motion to dismiss under Rule 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claims that would entitle plaintiff to relief. *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001).

## LAW AND ANALYSIS

Defendant is moving to dismiss the instant lawsuit for lack of jurisdiction because Plaintiff failed to exhaust his administrative remedies prior to filing the lawsuit. Plaintiff requests that the Court stay the case until he exhausts his administrative remedies. The applicable case law clearly establishes that a stay is improper. Courts lack subject matter jurisdiction and must dismiss FTCA actions instituted before the administrative remedies

are exhausted under 28 U.S.C. § 2675(a). Title 28 U.S.C. § 2401(b) and § 2675(a) provide that the agency has six months to adjudicate the claims before suit can be filed. Section 2675(a) provides that "an action shall not be instituted" unless the plaintiff has filed an administrative claim and either obtained a written denial or waited six months. In *McNeil v. United States,* 508 U.S. 106, 113 S.Ct. 1980 (1993), the Supreme Court held that an action filed prior to the expiration of the six-month waiting period cannot become timely by the passage of time after the complaint is filed.

Defendant maintains that here, the passage of the pertinent six-month time delay after suit is filed does not cure the defect of prematurity resulting in lack of jurisdiction for purposes of the FTCA. The Court agrees.

## **CONCLUSION**

For the reasons set forth above, the Motion to Dismiss will be granted and the Motion to Stay will be denied.

**THUS DONE AND SIGNED** in Chambers on this 29th day of December, 2001.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**